UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN JONES and KAREN JONES,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | Case No. C17-1058RSL<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on defendant's "Motion for Summary Judgment." Dkt. # 9. The Court has reviewed the motion, the parties' memoranda, and the remainder of the record.[1] For the following reasons, the motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

This lawsuit stems from the collapse of a retaining wall at the home of plaintiffs Stephen and Karen Jones. After the collapse, they tendered a claim under their homeowners insurance policy with defendant State Farm Fire and Casualty Company. Eduardo Avelar, an engineer sent to inspect the collapse, determined that the wall buckled due to "excessive lateral earth pressure from retained soils behind the wall." Dkt. # 11 at 15. There appeared to be no system for draining water behind the wall, and rainfall had exceeded the monthly average by 203 percent

---

[1] The Court concludes that the motion can be decided on the papers submitted. Defendant's request for oral argument is denied.

ORDER GRANTING IN PART, DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 1

the month before the collapse and by 32 percent the month that it happened. Id. at 16–17. The parties agree that the soil, saturated by water, grew too heavy for the retaining wall to bear, causing the wall to give way.

State Farm denied coverage based on an exclusion in the policy for "Earth Movement." Dkt. # 10 at 26. That exclusion reads:

> We do not insure under any coverage for any loss which is caused by . . . **Earth Movement**, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, mudslide, sinkhole, subsidence, erosion or movement resulting from improper compaction, site selection or any other external forces. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in **SECTION I – ADDITIONAL COVERAGES, Volcanic Action**.

Id. at 55.

The couple filed a lawsuit in King County Superior Court alleging breach of contract, bad faith, violation of Washington's Consumer Protection Act ("CPA"), and negligence. See Dkt. # 1-1. Counsel also notified State Farm of the couple's intent to file a claim under the Insurance Fair Conduct Act ("IFCA"). Dkt. # 10 at 29.

State Farm's response maintained that the collapse was not covered. Its letter explained:

> First, all causes of the loss identified by Mr. Avelar are excluded. The policy excludes coverage for loss caused by collapse. The policy excludes coverage for loss caused by inherent vice or latent defect. The policy excludes coverage for loss caused by earth movement, meaning sinking, rising, shifting, expanding, contracting of earth, all whether combined with water or not. The policy excludes coverage for loss caused by water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool, or other structure. The policy excludes coverage for loss caused by defect, weakness, inadequacy, fault or unsoundness in design, specifications, workmanship, construction, grading, or compaction of any property, including land, structures, or improvements of any kind. The policy excludes coverage for loss caused by weather conditions.
>
> Second, your clients' loss consists of collapse, and therefore falls within exclusion no. 4. The additional coverage for collapse does not apply because there was no collapse of a building or any part of a building.

ORDER GRANTING IN PART, DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 2

> Third, the policy does not cover land, including costs required to replace, rebuild, stabilize, or otherwise restore the land.

Id. at 35. That explanation invokes five new clauses as bases for withholding coverage. The portions of the policy pertinent to State Farm's more-comprehensive denial provide:

**SECTION I – COVERAGES**

**COVERAGE A – DWELLING**

1. **Dwelling**. We cover the dwelling used principally as a private residence on the residence premises shown in the Declarations.

    Dwelling includes:

    a. structures attached to the dwelling;

    b. materials and supplies located on or adjacent to the residence premises for use in the construction, alteration or repair of the dwelling or other structures on the residence premises;

    c. foundation, floor slab and footings supporting the dwelling; and

    d. wall-to-wall carpeting attached to the dwelling.

2. **Dwelling Extension**. We cover other structures on the residence premises, separated from the dwelling by clear space. Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be other structures.

    . . .

3. **Property Not Covered**. We do not cover:

    a. land, including the land necessary to support any Coverage A property;

    b. any costs required to replace, rebuild, stabilize, or otherwise restore the land;

    c. the costs of repair techniques designed to compensate for or prevent land instability to any property, whether or not insured under Coverage A; or

    d. lawns or artificial grass, except as provided in **SECTION I - ADDITIONAL COVERAGES**. . . .

**SECTION I – ADDITIONAL COVERAGES**

The following Additional Coverages are subject to all the terms, provisions, exclusions and conditions of this policy. . . .

11. **Collapse**. We insure only for direct physical loss to covered property involving the sudden, entire collapse of a building or any part of a building.

    Collapse means actually fallen down or fallen into pieces. It does not include settling, cracking, shrinking, bulging, expansion, sagging or bowing.

    The collapse must be directly and immediately caused only by one or more of the following: . . .

ORDER GRANTING IN PART, DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 3

b. weight of contents, equipment, animals or people;
   c. weight of ice, snow, sleet or rain which collects on a roof, porch or deck; or
   d. use of defective material or methods in the construction (includes remodeling or renovation) of the building, if the collapse occurs during the course of the construction of the building.

   Loss to an awning, fence, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf, dock, trellis or antenna or its supporting structure is not included under items b., c. and d. unless the loss is the direct and immediate cause of the collapse of the building. . . .

## SECTION I – LOSSES NOT INSURED

1. We do not insure for any loss to the property described in Coverage A which is caused by . . .
   a. collapse, except as specifically provided in **SECTION I - ADDITIONAL COVERAGES, Collapse**; . . .
   f. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
2. We do not insure under any coverage for any loss which is caused by . . .
   b. **Earth Movement** . . . [or]
   c. **Water**, meaning . . . water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure;
3. We do not insure under any coverage for any loss caused by . . .
   b. defect, weakness, inadequacy, fault or unsoundness in . . . design, specifications, workmanship, construction, grading, compaction . . . of any property (including land, structures, or improvements of any kind) whether on or off the residence premises; or
   c. weather conditions.
4. We do not insure under any coverage for any loss consisting of the items in paragraphs 1., 2. or 3. This exclusion does not apply if the loss is caused by a peril which is not otherwise excluded.

Dkt. # 10 at 48–56.

The Joneses then filed an amended complaint. See Dkt. # 1-2. (They had satisfied the statutory notice period for an IFCA claim, see RCW 48.30.015(8), but the amended complaint

ORDER GRANTING IN PART, DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 4

did not add one.) State Farm removed the case to this Court. Dkt. # 1. After discovery, State Farm moved for summary judgment. Dkt. # 9.

## II. DISCUSSION

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this determination, the Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. Cty. of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013).

This case is before the Court based on diversity jurisdiction and is governed by Washington State law. See Erie R. Co. v. Tompkins, 304 U.S. 64, 71–80 (1938); Ins. Co. N. Am. v. Federal Express Corp., 189 F.3d 914, 919 (9th Cir. 1999). Under Washington law, the interpretation of an insurance policy's language is a question of law. Butzberger v. Foster, 151 Wn.2d 396, 401 (2004). When there are no material facts in dispute, interpretation of the language at issue is appropriately decided on summary judgment. Am. Home Assur. Co. v. Cohen, 815 F. Supp. 365, 368 (W.D. Wash. 1993).

State Farm moves for summary judgment on all four of plaintiffs' claims. The Joneses respond that State Farm should be estopped from asserting any reasons for denial other than earth movement, because State Farm failed to cite those additional reasons in its original denial letter. They also argue that the policy's terms show the retaining wall's collapse was covered and that State Farm acted unreasonably in denying their claim.

### A. Equitable Estoppel

As noted, the Joneses urge the Court to limit State Farm's argument to the reasons in its original denial letter. The Joneses' argument invokes principles of equitable estoppel, which may prevent an insurer from raising grounds that it failed to assert in a denial letter if (1) the insurer knew or should have known of the additional grounds when it denied coverage, and (2) the insured shows that it suffered prejudice from the insurer's failure to raise the new grounds in its initial letter. See Hayden v. Mut. of Enumclaw Ins. Co., 141 Wn.2d 55, 63 (2000).

The Joneses have not shown that they suffered prejudice from State Farm's failure to raise the additional grounds in its original letter. See id. State Farm's second letter and its answer to the Joneses' state-court complaint adequately alerted the Joneses to State Farm's intended defenses. See Dkt. # 10 at 32–35 (second letter); Dkt. # 3 at 37–39 (answer). The Joneses prosecuted their claims and argued this motion fully aware of the defenses State Farm intended to raise. It is not as if State Farm's delay caused the Joneses to forfeit the chance to gather evidence for rebutting State Farm's defenses or the opportunity to seek other relief. Compare Bosko v. Pitts & Still, Inc., 75 Wn.2d 856, 863 (1969) (precluding defense that insured was covered under a third-party policy, because insurer's three-year delay in asserting the defense prevented insured from tendering a claim under third-party policy). The Joneses fail to show how their pursuit of coverage would have differed had State Farm cited the additional reasons for denial in the original letter. For that reason, they cannot show prejudice resulting from State Farm's delay and State Farm is not estopped from asserting the additional reasons for denial now. See Hayden, 141 Wn.2d at 63.

**B.     Coverage**

The parties' chief dispute surrounds whether the Joneses' policy covers the retaining wall's collapse. "[I]nsurance policies are construed as contracts." Am. Nat. Fire Ins. Co. v. B & L Trucking & Const. Co., 134 Wn.2d 413, 427 (1998) (marks and citations omitted). "Interpretation of insurance policies is a question of law, in which the policy is construed as a whole and each clause is given force and effect." Overton v. Consol. Ins. Co., 145 Wn.2d 417, 424 (2002). The Court gives a policy's terms a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." Sears v. Grange Ins. Ass'n, 111 Wn.2d 636, 638 (1988). The Court resolves "[a]ny remaining ambiguities . . . against the drafter-insurer and in favor of the insured." B & L Trucking & Constr. Co., 134 Wn.2d at 428.

If a loss may have stemmed from more than one cause, Washington law applies the "efficient proximate cause" rule. See Kish v. Ins. Co. of N. Am., 125 Wn.2d 164, 170 (1994). Efficient proximate cause is the "predominant cause which sets into motion the chain of events

ORDER GRANTING IN PART, DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 6

producing the loss." Graham v. PEMCO, 98 Wn.2d 533, 539 (1983). If the policy insures against the efficient proximate cause, the loss is covered even though other events in the chain of causation are excluded. Id.

Here, the retaining wall was a "structure" covered for accidental loss unless its collapse is otherwise excluded.[2] The issue is whether the collapse was caused by an excluded peril. The Court first concludes that the collapse does not fall under the earth movement exclusion. As a matter of common sense, no earth moved until after the wall buckled. In addition, the examples that the exclusion lists involve kinetic events. No kinetic event led to this case's damage-causing sequence. The wall giving way to the weight of water-soaked soil is more like an above-ground pool collapsing from too much water. In those circumstances, one would not say the pool buckled from "water movement."

Coverage is excluded, however, under the policy's water exclusion. That provision rules out coverage for losses caused by "water below the surface of the ground, including water which exerts pressure on . . . a building, sidewalk, driveway, foundation, swimming pool, or other structure." Dkt. # 10 at 55–56. The parties agree the wall buckled from the weight of the water-soaked soil backfill, which was likely saturated from heavy rainfall in the preceding two months. See Dkt. # 14 at 13. That is the determination Mr. Avelar made in his report. See Dkt. # 11 at 17. It also reflects the conclusion of plaintiffs' expert, Mark McGinnis. Dkt. # 17 at 3. "Earth pressure" and "hydrostatic pressure" are simply terms for weight that increased from the water added to the soil. The efficient proximate cause of the collapse was "water below the surface of the ground . . . which exert[ed] pressure on a . . . foundation . . . or other structure"—that is, on the retaining wall. An excluded peril caused the loss and it falls outside the policy.

**C. Extra-Contractual Claims**

---

[2] The policy covers "other structures on the residence premises, separated from the dwelling by clear space." A "structure" is "something (as a building) that is constructed." Merriam-Webster's Collegiate Dictionary 1238 (11th ed. 2004). The wall was something constructed on the residence premises, and it is a structure under the policy. It does not affect the Court's ruling, but this rules out State Farm's assertion that the wall is excluded as land or a land-related cost.

ORDER GRANTING IN PART, DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 7

State Farm also moves for summary judgment on the Joneses' remaining claims of bad faith, violation of the CPA, and negligence.[3] Despite the Court's conclusion that the policy does not cover the wall's collapse, an insurer may still be liable for bad faith or for violating the CPA even if denial of coverage was ultimately warranted. See St. Paul Fire & Marine Ins. Co. v. Onvia, Inc., 165 Wn.2d 122, 132 (2008).

Actions alleging insurer bad faith proceed from an insurer's duty of good faith to its policyholders. Smith v. Safeco Ins. Co., 150 Wn.2d 478, 485 (2003). An insurer may be liable for breaching that duty if it violates Washington regulations against unfair or deceptive insurance practices. Keller v. Allstate Ins. Co., 81 Wn. App. 624 (1996).

The CPA's protections also provide a remedy for bad faith conduct by insurers. Ledcor Indus. (USA) v. Mut. of Enumclaw Ins. Co., 150 Wn. App. 1, 12 (2009); see 35 David K. DeWolf & Matthew C. Albrecht, Wash. Prac., Ins. Law & Litigation § 23:4 (2018 ed.) ("In the insurance context, the elements of a CPA claim and the tort of bad faith are similar."). The elements of a CPA claim are (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 37 (2009). Violation of an insurance regulation is an unfair trade practice in commerce. Ledcor, 150 Wn. App. at 12.

Washington's insurance regulations provide that an insurer commits an unfair or deceptive act by "[f]ailing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim." Wash. Admin. Code. § 284-30-330(13). Other insurance regulations provide that an "insurer must not deny a

---

[3] The parties devote almost no briefing to the Joneses' negligence claim. It is not clear that Washington law recognizes a cause of action for insurer negligence outside the context of defense, settlement, or indemnification—none of which applies here. Plaintiffs' amended complaint cites First State Ins. Co. v. Kemper Nat. Ins. Co., 94 Wn. App. 602 (1999), which involved settlement. Bad faith claims apply traditional tort principles, see Smith v. Safeco Ins. Co., 150 Wn.2d 478, 485 (2003), and a negligence claim that extends liability beyond bad faith would appear to "swallow insurance jurisprudence," see Murchison v. Progressive N. Ins. Co., 572 F. Supp. 2d 1281, 1284 (E.D. Okla. 2008). Summary judgment is granted on plaintiffs' negligence claim, which is dismissed without prejudice. Plaintiffs may seek reconsideration, see LCR 7(h)(1), if Washington law provides otherwise.

ORDER GRANTING IN PART, DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 8

claim on the grounds of a specific policy provision, condition, or exclusion unless reference to the specific provision, condition, or exclusion is included in the denial." Id. § 284-30-380(1).

Here, State Farm's initial denial listed only the earth movement exclusion as the basis for denying the Joneses' claim. As noted, that exclusion was not a proper basis for denial.[4] Only after the Joneses sued did State Farm provide them a comprehensive explanation of all the bases for denying coverage. The insurance regulations in Chapter 284-30 obligate insurance companies to conduct a prompt and thorough investigation of any claim and to fully inform insureds of all the reasons for denying coverage. The Joneses were nonetheless forced to sue to learn, months later, of all the reasons State Farm actually considered the wall's collapse to fall outside their policy. The record supports an inference that State Farm may have violated the relevant insurance regulations and thus breached its duty of good faith and committed an unfair or deceptive act. The record also supports inferences that satisfy the CPA claim's remaining elements.[5] Summary judgment is not warranted on the Joneses' bad faith and CPA claims.

### III. CONCLUSION

For the foregoing reasons, State Farm's motion for summary judgment, Dkt. # 9, is GRANTED for Claims 2 and 4, and DENIED for Claims 1 and 3. Claim 2 is dismissed with prejudice. Claim 4 is dismissed without prejudice.

DATED this 7th day of September, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[4] The Court makes no finding on whether the denial was unreasonable.

[5] "[T]he business of insurance affects the public interest," Kirk v. Mt. Airy Ins. Co., 134 Wn.2d 558, 560 (1998), and expense of investigation and loss of time are compensable injuries under the CPA, see Trujillo v. Northwest Trustee Services, Inc., 183 Wn.2d 820, 837 (2015).

ORDER GRANTING IN PART, DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 9